DECISION
Wanda Young, appellant, appeals from the March 29, 1999 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting permanent court commitment ("PCC") of her children, Glenn and Nicholas Young, to Franklin County Children Services ("FCCS").
On May 19, 1997, a complaint was filed in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, asserting that Glenn and Nicholas, born September 21, 1993 and August 26, 1996, respectively, were neglected and dependent children, as defined in R.C. 2151.03 and 2151.04. On July 15, 1997, the trial court issued a temporary order of custody to FCCS.
On May 29, 1998, FCCS filed a motion for PCC pursuant to R.C. 2151.413. After four continuances were granted, an evidentiary hearing was held before a trial court magistrate on March 22, 1999. Ms. Young did not appear for the hearing. Counsel for Ms. Young informed the court that he did not know where his client was and that Ms. Young was aware of the hearing date. Counsel for Ms. Young requested a continuance of the hearing, which the magistrate denied. The magistrate then granted the request of Ms. Young's counsel to withdraw from representation. FCCS presented evidence at the hearing, and the magistrate issued a decision on March 29, 1999, recommending that the court grant PCC to FCCS regarding Glenn and Nicholas. On the same day, the trial court adopted the magistrate's decision. No objections to the magistrate's decision were filed.
Ms. Young (hereinafter "appellant") appeals, assigning the following errors:
ASSIGNMENT OF ERROR ONE
 THE COURT BELOW ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR A CONTINUANCE OF THE PROCEEDINGS.
 ASSIGNMENT OF ERROR TWO
 THE TRIAL COURT'S DECISION SUSTAINING THE MOTION FOR PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Preliminarily, we must address appellant's failure to file any objections to the magistrate's decision with the trial court. According to Juv.R. 40(E) (3) (a), appellant had fourteen days from the filing of the magistrate's decision to file written objections to the decision. Appellant failed to file any objections to the magistrate's decision. She presents no reasons as to why no objections were filed with the trial court. Pursuant to Juv.R. 40(E) (3) (b), a "party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Appellant's failure to file objections in compliance with the rule precludes her from appealing the issues decided in the magistrate's decision. See State ex rel. Kruegerv. Siedlecki (June 16, 1999), Medina App. No. 2868-M, unreported;In re Kasler (Dec. 23, 1997), Franklin App. No. 97APF05-726, unreported (1997 Opinions 5371, 5374); In re Van Sickle (June 5, 1997), Franklin App. No. 96APF10-1428, unreported (1997 Opinions 2147, 2150) (a mother's failure to object to the magistrate's decision granting PCC to FCCS barred her from asserting any errors to that decision upon appeal pursuant to Juv.R. 40[E][3][b]).
However, even if appellant's arguments were properly before this court, we find such arguments without merit. Regarding appellant's first assignment of error, the granting or denial of a request for a continuance is within the broad discretion of the trial court. State v. Grant (1993), 67 Ohio St.3d 465,479. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. In the present case, the request for continuance was made the same day of trial in contravention of Juv.R. 2, which provides that continuances will not be granted the day of trial without a showing of good cause. Appellant gave no reason given as to why she was unable to attend the hearing, and she made no apparent attempts to contact the court or her attorney to explain her whereabouts. Further, appellant signed the previous continuance form and clearly had knowledge of the date of the final hearing. Therefore, the trial court did not abuse its discretion in denying appellant's request for a continuance.
Appellant argues in her second assignment of error that the trial court's granting of PCC was against the manifest weight of the evidence. After reviewing the record, we find that there was clear and convincing evidence demonstrating that it is in the best interest of the children not to remain with appellant. See R.C. 2151.414. The decision of the magistrate was supported by competent, credible evidence going to all of the essential elements of the case. C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279. Therefore, the trial court's decision granting PCC to FCCS was not against the manifest weight of the evidence.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
TYACK and KENNEDY, JJ., concur.